IN RE BRANDT, DECEASED.

[Cite as In re Brandt, 1 Ohio Misc. 37.]

38

(No. 58084—Decided December 17, 1964.)

 In Probate Court
of Columbiana County.

*Mr. Guy J. Mauro*, for Estate.
*Mr. Joseph J. Baronzzi*, for Glenn Brandt.

TOBIN, J. This matter came on to be heard on the citation to Glenn Brandt for having in his possession a tractor and accessories belonging to the estate. In other words, the same was a citation alleging concealment of assets. Hearing was had on said matter on the 15th day of September, 1964.

Uncontradicted is the fact that the tractor and accessories were placed by the decedent, Wayne Brandt, with Glenn Brandt on the day of the death of Wayne Brandt. The sole testimony on this case as it relates to the conversation surrounding the placing of the tractor and accessories with the said Glenn Brandt by the late Wayne Brandt was the testimony of Glenn Brandt, alone. The wife of Glenn Brandt testified that the tractor was left at the home of Glenn Brandt. The testimony of Glenn Brandt was to the effect that some five and a half hours before Wayne Brandt's death, Wayne brought the tractor personally to his place and Wayne said "he told me it was mine." Said testimony by the said Glenn Brandt was to the effect that the tractor had been used to cut his grass before, but had never been left there, that on this particular evening Wayne had supper with Glenn Brandt and his wife; that Wayne had helped Glenn put the equipment away in Glenn's basement. Further testimony was to the effect that Wayne asked if it would be alright

to leave the tractor and accessories there until he came back. This was with the wife of Glenn Brandt. He also asked her what time Glenn Brandt would be home. Later at supper they talked this matter over and Wayne asked Glenn Brandt if he could leave the tractor there, and the reply was to the affirmative. Glenn then also stated that Wayne said, "I will give you this one. I said no, this is yours, you are not going to give it to me." Further, Glenn states Wayne Brandt said, "we will put in it the basement." I said, "I don't have room for it." He and I went to the basement and made room and placed the equipment. I said "if you want to get rid of it, why don't you sell it to me." He knew he had no use for it, I thought I could buy it off him. I asked him if he would sell it and he said something about, I will give you the details later." That ended the conversation as it relates to the tractor and accessories.

The uncontradicted facts are, between five and six hours later the said Wayne Brandt committed suicide, that he left a will which is dated April 14, 1962, or approximately twelve days prior to the death on April 26, and in which he gave these identical articles in Item One, to his brother, Glenn Brandt. Contained in this will also is a lengthy statement which the court will not quote, which is a characterization of his wife Margaret, the fact of the bitterness of their life together and of his opinion of her which was very low, etc., indicating from the texture of the will that he had become tremendously disillusioned with his wife, Margaret, and his thorough dislike for her. The indications are from the will the fact that his feelings toward his wife played a great part in his committing suicide.

The first question to be decided is whether, under Section 2317.03, Revised Code, commonly known as the Dead Man's Statute, this testimony can be received at all and be considered by the court. The court rules that it can be used, and uses for its authority the case of *Robertson* v. *Polter* (1937), 58 Ohio App. 204, 16 N. E. (2d) 485. The court, in this very similar case ruled, and it contended that Section 11495, General Code (now Section 2317.03, Revised Code), precludes Polter from testifying as to what the decedent said or did in relation to the claimed gift. "It would be strangly incongruous if a person who is suspected of having 'concealed, embezzled or conveyed

away or of being or having been in the possession of any' of the property described in Section 10506-67, General Code (now Section 2109.50, Revised Code), and, by authority thereof, is mandatorily cited into court to be examined with respect thereto, were prohibited from speaking in his own defense. It is apparent that Section 11495, General Code (now Section 2317.03, Revised Code), is not applicable to proceedings had under this statute.'' The court finds their reasoning to be sound and does hereby adopt it and does rule in concealment of assets cases such as the present case, the person so accused has a right to speak and to testify and is not within the purview of Section 2317.03, Revised Code.

The second question to be decided is whether or not the evidence so given by the said Glenn Brandt amount to a gift either inter vivos or causa mortis. The words alone perhaps would not convey this thought, although he did say specifically, ''I will give you this one'' meaning the tractor and accessories. In addition thereto is the fact it was stored in the Glenn Brandt cellar, with the aid of Wayne Brandt, and he left the same there. The court feels this is a good gift inter vivos.

It is further buttressed by the evidence that within a very short period of time, to wit, six hours, Wayne Brandt committed suicide, also the evidence of the will of the deceased the disaffection that he bore for his wife, Margaret. All these add up to the court's decision that he wanted to give this to his brother and that he had in mind the act or commission of suicide at the time he did so. Further, he wanted his brother to have it rather than have it fall into the estate or into the hands of the wife.

Therefore the court rules that it was a good gift inter vivos, that the title to said property is in Glenn Brandt.

Exceptions permitted to all parties.

*Respondent discharged.*